## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TRUSTEES OF THE DETROIT
CARPENTERS FRINGE BENEFIT FUNDS,

        Plaintiffs,                       Case No.
                                             Hon.

v

Livingston Ceiling and Partitions, Inc.,
a Michigan corporation, and
Anthony Marinelli, an individual,
Jointly and severally,

        Defendants.

_____/

WALTER B. FISHER JR. (P51337)
CHARLES S. KENNEDY, III (P49486)
FILDEW HINKS, PLLC
Attorneys for Plaintiffs
26622 Woodward Avenue, Suite 225
Royal Oak, MI  48067
(248) 837-1397
wfisher@fildewhinks.com
ckennedy@fildewhinks.com

_____/

## <u>COMPLAINT</u>

       Plaintiffs, by their attorneys, Fildew Hinks, PLLC, state:

       1.      The Detroit Carpenters Fringe Benefit Funds, a voluntary association,

consists of representatives and agents of the Detroit Carpenters Health and Welfare

Fund, the Michigan Regional Council of Carpenters Employee Benefits Fund, the

Carpenters Pension Trust Fund - Detroit and Vicinity, the Carpenters Annuity Fund, The Michigan Regional Council of Carpenters Annuity Fund, the Detroit Carpenters Joint Apprenticeship and Training Trust Fund, the Guarantee Fund and the Industry Advancement Fund (if applicable), each of which is a trust fund established pursuant to the Labor-Management Relations Act of l947 ("LMRA"), as amended, 29 U.S.C., Section 141 et seq., and the Employee Retirement Income Security Act of l974 ("ERISA"), as amended, 29 U.S.C., Section 1001 et seq., having its principal office in this District and Division.  Plaintiffs are trustees of the funds named, on whose behalf, and on behalf of whose beneficiaries, this action is filed, as their respective interests shall appear.

2.      Defendant Livingston Ceiling and Partitions, Inc. is a Michigan corporation doing business in this district and division.

3.      Defendant Anthony Marinelli is an individual doing business in this district and division.

4.      Jurisdiction of this Court is predicated on Section 30l of the LMRA, 29 U.S.C., Section l85, and Section 502 of ERISA, 29 U.S.C., Section 1132, this being a suit for violation of a contract between an employer (Defendant) and the Michigan Regional Council of Carpenters, AFL-CIO, the successor to the Carpenters District Council of Detroit, (the "Union"), a labor organization representing employees in an industry affecting commerce.

### Count I    ERISA Claim

5.      On June 6, 2000, Livingston Ceiling and Partitions, Inc. entered into the 1998-2000 Carpenters Independent Commercial Collective Bargaining Agreement with the Union.  A copy of the 1998-2000 Collective Bargaining Agreement is attached as Exhibit A.

6.       Livingston Ceiling and Partitions, Inc. has not terminated the 1998-2000 Carpenters Commercial Collective Bargaining Agreement with the Union or any subsequent agreements.

7.      Livingston Ceiling and Partitions, Inc. is currently bound to the 2012-2022 Independent Agreement.  A copy is attached as Exhibit B.

8.      Pursuant to the collective bargaining agreements, Livingston Ceiling and Partitions, Inc. became obligated to pay wages and to make periodic payments to the Funds represented by Plaintiffs, which payments constituted employee benefits earned by employees of Livingston Ceiling and Partitions, Inc. who were either members, or fell within the jurisdiction, of the Union and were covered by the collective bargaining agreements.

9.      Pursuant to the collective bargaining agreements alleged above, Plaintiffs are entitled to audit the books and records of Livingston Ceiling and Partitions, Inc. to verify the accuracy of the contributions made to Plaintiffs pursuant to the agreements

3

as well as to determine the amount of any deficiency.  The books and records required include those listed on Exhibit C.

10.     Plaintiffs demanded production of Livingston Ceiling and Partitions, Inc.'s books and records on September 27, 2018 and October 4, 2018.  A copy of the demand letters are attached as Exhibit D.

11.     Despite demands by Plaintiffs, Livingston Ceiling and Partitions, Inc. has failed, neglected and refused to permit the audit.

**WHEREFORE**, Plaintiffs pray:

A.     That this court enter an order directing Livingston Ceiling and Partitions, Inc. to submit to Plaintiffs for audit the books and records of Livingston Ceiling and Partitions, Inc. described in Exhibit C attached hereto and expressly made a part hereof for the period April 1, 2017, through the date of production of the books and records.

B.     That this court thereafter enter judgement against Livingston Ceiling and Partitions, Inc. for all sums shown by the audit to be due to Plaintiffs, together with actual costs, liquidated damages, prejudgment interest, post judgment interest and actual attorney fees.

C.     That this Court grant Plaintiffs any other relief that it deems appropriate.

## Count II     Michigan Builders Trust Fund Claim

12.     Plaintiffs incorporate each and every preceding allegation set forth in this Complaint as though fully set forth herein.

13.     During the period April 1, 2017, to the present, Livingston Ceiling and Partitions, Inc. engaged in the business of commercial construction contracting, among other facets of the construction industry, and as such conducted business in the building construction industry within the meaning of the Michigan Building Contract Fund Act, Mich. Comp. Laws Ann. §570.151 et seq. (hereinafter the "Trust Fund Act").

14.     Upon information and belief, Anthony Marinelli, in connection with the operation of Livingston Ceiling and Partitions, Inc. received payment from customers for all, or part, of the labor which remains the subject of the fringe benefit contributions which remain unpaid to Plaintiffs.

15.     Pursuant to the Trust Fund Act, any such payments received by Livingston Ceiling and Partitions, Inc. and/or Anthony Marinelli were deemed to be held in trust by them, as trustees for the benefit of, among others, the individual employees who furnished labor to, and or on behalf of,  Livingston Ceiling and Partitions, Inc.

16.     Upon information and belief, the funds that were held in trust by Livingston Ceiling and Partitions, Inc. and Anthony Marinelli, in their capacities under the Trust

Fund Act, included the contributions Livingston Ceiling and Partitions, Inc. was required to make to the Plaintiffs for the period April 1, 2017, to present.

17.     Upon information and belief, in violation of the Trust Fund Act, Livingston Ceiling and Partitions, Inc. and Anthony Marinelli retained, used or appropriated said payments received for purposes other than to pay the fringe benefit contributions accrued for the benefit of the individual carpenters employed by Livingston Ceiling and Partitions, Inc.

18.     Upon information and belief, Livingston Ceiling and Partitions, Inc. and Anthony Marinelli appropriated monies paid to Livingston Ceiling and Partitions, Inc. for their own business operations and/or for their own personal use before payment of all monies due, or to become due to Plaintiffs, in violation of Mich. Comp. Laws Ann. 570.151, et seq.

**WHEREFORE**, Plaintiffs request this court order an accounting in connection with payments received by Livingston Ceiling and Partitions, Inc. for work performed during the period April 1, 2017, to present; declare Livingston Ceiling and Partitions, Inc. and Anthony Marinelli to be Trustees with respect to funds received during that period; to trace the proceeds of the subject trust funds, and to enter judgment against Livingston Ceiling and Partitions, Inc. and Anthony Marinelli jointly and severally for the amount of unpaid fringe benefits for the period April 1, 2017, to present, as determined by the

audit of Livingston Ceiling and Partitions, Inc.'s books and records, plus actual costs, interest and actual attorney fees.

## Count III

### Violation of Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001 *et. se.*

19.    Plaintiffs incorporate each and every preceding allegation set forth in this Complaint as though fully set forth herein.

20.    Individuals providing labor and employed by, or on behalf of, Livingston Ceiling and Partitions, Inc. pursuant to the subject collective bargaining agreement, earned outstanding fringe benefit contributions in connection with and in furtherance of their employment.  These accrued fringe benefit contributions were properly payable to the employee benefit plans administered by Plaintiffs when due.

21.    The accrued fringe benefit contributions and funds otherwise in the Defendants' possession, custody and/or control which were otherwise available to pay the accrued fringe benefit contributions were to be held in trust by the defendants in their capacity as a fiduciary, as required by ERISA pursuant to 29 U.S.C. § 1145, until the defendants paid to Plaintiffs said fringe benefit contributions in accordance with the terms and conditions of their collective bargaining agreement and related trust agreements.  Such accrued fringe benefit contributions became assets of the respective employee benefit plans administered by Plaintiffs upon accrual.

22.     The Defendants failed to turn over these plans assets by failing to pay all of the accrued outstanding fringe benefit contributions to Plaintiffs when due.  Rather, upon information and belief, the Defendants utilized the accrued outstanding fringe benefit contributions and funds otherwise within their possession, custody, and/or control for purposes other than payment to Plaintiffs.

23.     In failing to turn over such plan assets to Plaintiffs, the Defendants violated 29 U.S.C. § 1145, 1104,  and 1109 (a) and their obligations under the collective bargaining agreement and related Trust Agreements incorporated therein.

24.     The Defendants' failure to turn over plan assets, failure to make fringe benefit contributions to Plaintiffs, failure to account for those contributions, and misuse of funds otherwise properly payable to Plaintiffs constitute a breach of their fiduciary duties regarding the Funds within the meaning of  29 U.S.C.  § 1104(a)(1)(A) and are violations of  29 U.S.C. § 1145, 1104 and 1109 (a).

25.     Individual Anthony Marinelli is personally liable to the Funds for breaching his fiduciary duties pursuant to 29 U.S.C.  § 1104(a).

**WHEREFORE**, Plaintiffs pray:

A.      That this Court enter judgment against Defendant Anthony Marinelli for all unpaid fringe benefit contributions owed by Livingston Ceiling and Partitions, Inc. pursuant to the Funds audit of Livingston Ceiling and Partitions, Inc. for the period

8

April 1, 2017, through the date of production plus interest and actual attorney fees and

costs.

      B.     That this Court grant Plaintiffs any other relief that it deems appropriate.


Dated:  October 10, 2018         **FILDEW HINKS, PLLC**

                        By:     <u>/s/Walter B. Fisher Jr.</u>
                              Attorneys for Plaintiffs
                              26622 Woodward Avenue
                              Suite 225
                              Royal Oak, MI 48067
                              (248) 837-1397
                              wfisher@fildewhinks.com
                              P51337